UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBBIE L. JOHNSON,

          Plaintiff,

    v.

BETHEL PUBLIC SCHOOLS, et al.,

          Defendants.

CASE NO. C11-5233BHS

ORDER GRANTING
DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT

    This matter comes before the Court on Defendant Puget Sound Workers Compensation Trust's ("Trust") motion for summary judgment (Dkt. 16). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

    On March 25, 2011, Plaintiff Debbie L. Johnson ("Johnson") filed an employment discrimination complaint against Defendants Bethel Public Schools and the Trust. Dkt. 3.

    On July 22, 2011, the Trust filed a motion for summary judgment. Dkt. 16. On August 19, 2011, the Trust filed a reply brief. Dkt. 20. On August 30, 2011, Johnson filed a response. Dkt. 21.

## II. FACTUAL BACKGROUND

    In her complaint, Johnson alleges as follows:

> I began employment with Bethel Public Schools during February 1998. At present, I work as a Head Start Instructor. On 10-6-08 I was injured on Arm, Shoulder, Back. On a daily basis while working, I am subjected by my supervisors and co-workers to unusually close scrutiny and unwarranted criticism of my job performance. From 10-6-08 to June 10,

ORDER - 1

> 2009 and 11-17-09 to present I was refused an accommodation for my disability when the employer insisted that I must be fully recovered from an injury before returning to work and refused to provide me with a modified work assignment, stopping retaliation, harassment and bullying. High Blood Pressure concerns not addressed where I worked alone at end of day. Forced to resign or threatened to be fired. Hostile working environment.

Dkt. 3 at 2.

The Trust is a cooperative of member school districts formed for the purpose of administering workers compensation claims involving the individual member districts. Dkt. 18, Declaration of Joseph M. Tyo, Jr. ("Tyo Decl."), ¶ 3. Other than administering workers compensation claims, the Trust has no involvement in the employment relationship between member school districts and their employees. *Id*. ¶ 4. The Trust does not employ Johnson and has never employed her. *Id*. ¶ 5. Johnson has confirmed that the Trust is not her employer. Dkt. 17, Declaration of H. Andrew Saller, Jr. ("Saller Decl."), Exh. B, Deposition of Debbie Johnson ("Johnson Dep."), p. 90 (deposition pagination).

On October 28, 2010, the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Charge of Discrimination in Charge No. 551-2010-00111. Saller Decl., Exh. A. The notice identifies Bethel Public Schools Elk Plain Head Start as the employer. *Id*. Johnson did not file an EEOC charge of discrimination against the Trust. Tyo Decl., ¶ 6. On December 27, 2010, the EEOC issued a Dismissal and Notice of Rights of Charge No. 551-2010-00111. Dkt 3 at 5. The dismissal was copied to Todd Mitchell, Executive Director of HR at Bethel Public Schools in Spanaway, Washington. *Id*. The Trust was not copied on the dismissal charge filed by Johnson. *Id*.

Johnson's deposition was taken on July 11, 2011. *See* Johnson Dep. In that deposition, Johnson was asked if anyone at the Trust had discriminated against her. Johnson Dep. at 92 (deposition pagination). She responded that she believed that her claims examiner, Angela Rogers, had discriminated against her in the processing of her

ORDER - 2

claim and that the "discrimination" was retaliation for filing a worker's compensation claim. *Id*.

### III. DISCUSSION

**A.    Summary Judgment Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at

trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson,* 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**B.  The Trust's Motion**

Title VII of the Civil Rights Act of 1964 prohibits discrimination against an employee because of the employee's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "If an employee does not submit a timely EEOC charge, the employee may not challenge that practice in court . . . ." *Ledbetter v. Goodyear Tire and Rubber Company*, 550 U.S. 618, 624 (2007).

In this case, the Trust requests that the Court grant its motion for summary judgment because the Trust is not Johnson's employer, Johnson did not exhaust her administrative remedies with respect to her claim against the Trust, and Johnson does not allege that the Trust discriminated against her on the basis of her race, color, religion, sex or national origin. Dkt. 16 at 4-6. The Court agrees with the Trust on all three issues. In fact, Johnson's untimely response fails to provide a single fact or legal argument to the contrary. *See* Dkt. 21 at 1-4.

### IV. ORDER

Therefore, it is hereby

**ORDERED** that the Trust's motion for summary judgment (Dkt. 16) is **GRANTED** and Johnson's claims against the Trust are **DISMISSED**.

DATED this 8th day of September, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4