1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DEBBIE L. JOHNSON,

                    Plaintiff,

          v.

BETHEL PUBLIC SCHOOLS, et al.,

                    Defendants.

CASE NO. C11-5233BHS

ORDER

This matter comes before the Court on Defendant Bethel Public Schools'
("Bethel") motion for summary judgment (Dkt. 27), motion to dismiss Plaintiff Debbie
Johnson's ("Johnson") complaint (Dkt. 31), and motion to continue date for mediation
(Dkt. 32); and Johnson's motion to appoint mediator (Dkt. 37). The Court has reviewed
the briefs filed in support of and in opposition to the motions and the remainder of the file
and hereby denies Bethel's motion to dismiss, grants Bethel's motion for summary
judgment, and denies the other motions as moot.

**I. PROCEDURAL HISTORY**

On March 25, 2011, the Court granted Johnson leave to proceed in forma pauperis
and accepted Johnson's pro se employment discrimination complaint. Dkt. 1. Johnson
alleges employment discrimination based on her age, race, and disability and also alleges
retaliation and harassment. Dkt. 3. Reading the complaint liberally, Johnson may also be
asserting a claim for hostile work environment and possible state law claims. *Id.*

On March 31, 2011, Johnson registered for electronic filing notification. Dkt. 9.
On November 28, 2011, Johnson requested that she be removed from electronic filing

notification, and the Court staff verified her address as 27119 86TH Ave E., Graham, WA 98338.  Dkt. 25.

On February 6, 2012, Bethel filed a motion for summary judgment.  Dkt. 27.
Johnson did not file a timely response.

On February 28, 2012, Bethel filed a motion to dismiss Johnson's complaint.  Dkt.
31.  On March 1, 2012, Johnson responded.  Dkt. 33.  On March 5, 2012, Bethel replied.
Dkt. 34.

On February 29, 2012, Bethel filed a motion to continue the mediation deadline.
Dkt. 32.  On March 12, 2012, Johnson filed a motion for the Court to appoint a mediator
(Dkt. 37), a response to Bethel's motion to continue mediation (Dkt. 38), and a response
to Bethel's summary judgment motion (Dkt. 39).  On March 19, 2012, Bethel filed an
objection to one of the declarations that Johnson filed in support of her response.  Dkt. 43.

## II.  FACTUAL BACKGROUND

Johnson is one quarter Cherokee and is enrolled as a member of the Cherokee
Nation.  Dkt. 28, Declaration of James Baker ("Baker Dep."), Exh. B, Deposition of
Debbie Johnson ("Johnson Dep.") at 16-17.  In 1998, Johnson began working
for Bethel as a Head Start instructor.  *Id.* at 11.  Johnson worked for about five years at
Evergreen Elementary School and for about five years at Elk Plain Elementary School.
*Id.* at 12.

Johnson's supervisor at Evergreen was Betty Magee.  *Id.* at 12-13.  Johnson stated
that she had friction with Ms. Magee and that she would get into arguments with Ms.
Magee.  *Id.* at 31-32.  Ms. Magee put Johnson on a plan of improvement, which was
resolved when Johnson and co-worker Jill Van Wormer "went through counseling."  *Id.*
at 13-14.  Subsequent to counseling, Bethel placed Johnson and Ms. Van Wormer in
separate work locations because of the friction between them.  *Id.* at 14-15.

Johnson's supervisors at Elk Plain were Mary J. Thurston and Sally Keeley.  *Id.*

at 12-13.  Ms. Keeley was Johnson's supervisor when she last worked for Bethel in 2009. *Id*. at 13.  Johnson stated that before Ms. Keeley became her supervisor, she had no grounds to sue her employer.  *Id*. at 34.

Bethel asserts that the events that are relevant to Johnson's claims against Bethel are as follows:

On March 18, 2008 Johnson was given a "suspension notice" for "very significant infractions" including an altercation with a co-worker and inadequate coverage of the classroom.  Dkt. 29, Declaration of Todd J. Mitchell ("Mitchell Dec."), Exh. A.

On June 16, 2008, Ms. Keeley prepared Johnson's performance evaluation which noted that Johnson failed to meet expectations in 12 of 28 areas and needed improvement in six areas.  Dkt. 30, Declaration of Sally Keeley ("Keeley Dec."), Exh. A.

By accident report dated Oct. 16, 2008, Johnson stated that she injured her right shoulder/arm/back on Oct. 6, 2008, while at work at Elk Plain Head Start.  Mitchell Dec., Exh. D.

By leave request dated Oct. 16, 2008, Johnson requested leave from Oct. 16, 2008 until an "unknown" date due to her injury. *Id*., Exh. E.

On June 22, 2009, Ms. Keeley prepared Johnson's performance evaluation which noted that Johnson failed to meet expectations in 18 of 28 areas and needed improvement in four areas.  Kelly Dec., Exh. C..

During August 2009, Johnson' co-worker, Lynn Van Cour, alleged that Johnson "has created a hostile work environment through intimidation tactics and other inappropriate behavior."  Mitchell Dec., Exh. I.

On September 17, 2009, Ms. Keeley prepared Johnson's performance evaluation which noted that Johnson failed to meet expectations in 18 of 28 areas and needed improvement in four areas.  Keeley Dec, Exh. C.

On October 28, 2009, the Equal Employment Opportunity counsel ("EEOC") mailed a notice of charge of discrimination by Johnson against Bethel.  *Id.*, Exh. CC. The Notice of Charge provides that Johnson asserted claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.*; and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, based on her race, age and disability.  *Id.*

On October 29, 2009, Bethel's director of human resources, Mr. Mitchell, prepared a report on his investigation of the harassment complaints made by Ms. Van Cour against Johnson.  Mitchell Dec., Exh. I.  As a result of the investigation, Johnson was put on leave.  *Id.*

On November 17, 2009, Johnson requested leave from November 18, 2009 to February 1, 2010 "for a condition that renders [her] unable to perform [her] job."  *Id.*, Exh. J.  On November 18, 2009 Johnson was placed on leave until February 1, 2010.  *Id.*, Exh. K.

On November 24, 2009, Johnson's mental health counselor, Marilyn Trowbridge, stated that Johnson had "[s]evere symptoms of depression and anxiety for at least the past 6 months" with a "current episode of incapacity 6 weeks."  *Id.*, Exh. L.  Ms. Trowbridge stated that Johnson was receiving weekly psychotherapy and was being given psychotropic medication.  *Id.*

By response dated December 9, 2009, Bethel advised Johnson that she was not eligible for leave under the Family Medical Leave Act.  *Id.*, Exh. M.

On December 11, 2009, Johnson prepared an injury report stating that she sustained a lower back injury on Oct. 6, 2009.  *Id.*, Exh. N.

In a supervisor's accident report, it was noted that Johnson "never reported the above mentioned injury and continued to work until 11/17/09."  *Id.*, Exh. O.

In a note dated December 15, 2009, Johnson's mental health counselor stated that Johnson "is prepared to resume work following a leave of absence . . . ." *Id*., Exh. P.

By letter dated September 22, 2010, Mr. Mitchell responded to a request for information from an EEOC investigator. *Id*., Exh. W

On October 20, 2010, a performance-based physical/functional capacities evaluation was completed. *Id*., Exh. Z. The capacities evaluation was provided to Johnson's physician, Wayne Kim, D.O., for his comment. *Id*., Exh. BB.

By letter dated Nov. 9, 2010, Mr. Mitchell responded to questions from the EEOC. *Id*., Exh. GG. He stated that Bethel was fully prepared to accommodate Johnson's lifting restrictions and that Bethel "fully intended to utilize other staff, including the paraeducator assigned to Ms. Johnson's class, to perform any needed lifting." *Id*.

On December 27, 2010, the EEOC mailed a letter to Johnson stating that it dismissed Johnson's EEOC claim and advised Johnson that she had a "right to sue" within 90 days of the receipt of the letter. *Id*., Exh. HH.

### III.  DISCUSSION

**A.    Motion to Dismiss**

Bethel's motion to dismiss is without merit and unnecessary. Bethel moves the Court for an order dismissing Johnson's lawsuit for two reasons: (1) Johnson's failure to timely respond to Bethel's motion for summary judgment and (2) Bethel's showing that there is no question of material fact and that Bethel is entitled to judgment as a matter of law. Dkt. 31 at 1-2. First, failure to timely file a response is insufficient grounds for an order of dismissal with prejudice, a fact that even Bethel recognizes in its motion. *See id*. at 4-6.

1    Second, Bethel's other ground for dismissal requires the Court to consider and rule

2  on Bethel's motion for summary judgment.  This argument is duplicative and

3  unnecessary.  Therefore, the Court denies Bethel's motion to dismiss.

4  **B.    Motion for Summary Judgment**

5    The unusual briefing in this matter necessitates the consideration of two

6  preliminary matters: (1) what claims are before the Court, and (2) whether Johnson's due

7  process rights have been satisfied by having notice of Bethel's motion and having an

8  opportunity to be heard.

9    **1.    The Claims Before the Court**

10    Title VII claimants generally establish federal court jurisdiction by first exhausting

11  their EEOC administrative remedies. Therefore, "[i]ncidents of discrimination not

12  included in an EEOC charge may not be considered by a federal court unless the new

13  claims are 'like or reasonably related to the allegations contained in the EEOC charge.'"

14  *Green v. Los Angeles County Superintendent of Schools*, 883 F.2d 1472, 1475-76 (9th

15  Cir. 1989) (quoting *Brown v. Puget Sound Elec. Apprenticeship & Training Trust*, 732

16  F.2d 726, 729 (9th Cir. 1984), *cert. denied*, 469 U.S. 1108 (1985)).

17

18    In this case, Johnson has asserted facts and submitted documents in support of her

19  allegations that Bethel has recently retaliated against her.  *See* Dkt. 33; *see also* Dkt. 41,

20  ¶¶ 6–9.  Johnson has improperly presented these allegations to the Court in briefs instead

21  of seeking leave to amend her complaint.  However, even if these allegations were

22  properly presented to the Court, these alleged acts of retaliation are not reasonably related

23  to the allegations in Johnson's EEOC complaint because Johnson asserts that the acts

24  have "been taken against [her] for pursuing civil action against [Bethel]."  *Id.* at 3.

25  Johnson must exhaust these allegations and claims with the EEOC before this Court has

26  jurisdiction over them.  Therefore, the Court finds that the claims before the Court are the

27  claims that were included in Johnson's EEOC complaint, which were (1) race

28

discrimination under Title VII, age discrimination under the ADEA, and disability

discrimination under ADA.

### 2.  Receipt of the Motion

The second preliminary issue on the motion for summary judgment is whether

Johnson received the motion and supporting declarations.  A properly addressed proof of

service carries with it a presumption of receipt.  *See Hagner v. United States*, 285 U.S.

427, 430 (1932).  A party claiming nonreceipt must overcome this presumption with clear

and convincing evidence; a simple denial of receipt is insufficient.  *See In re Bucknum*,

951 F.2d 204, 207 (9th Cir. 1991) (holding "simple affidavit to the contrary" insufficient

to rebut presumption of receipt).

In this case, Bethel contends that it sent the material via first class mail and via

FedEx.  Dkt. 36, Declaration of Mindy Bloom ("Bloom Dec."), ¶ 2[1].   The FedEx receipt

provides that the package was delivered and left at the front door.  *Id*. Exh. B.  This

evidence creates a presumption that Johnson received the package.  Johnson, however,

claims that she did not receive the package and that recent FedEx packages "have been

placed at [her] garbage can by the road and fence to [her] property."  Dkt. 41, Declaration

of Debbie Johnson, ¶ 2–3.  This is not clear and convincing evidence that Johnson did not

receive the package.  Therefore, the Court declines Johnson's request to allow additional

time for her to respond because Johnson has failed to overcome the presumption that she

received the motion and supporting documents.  In the interest of fairness and to relieve

any prejudice to Johnson, who is proceeding pro se, the Court will consider Johnson's

untimely response that has been filed and will decline to enforce Local Rule 7(b)(2),

---

[1] Although Ms. Bloom states that she addressed the packages to "8th Avenue" instead of Johnson's correct address "86th Avenue," the FedEx proof of service clearly states that the package was addressed to "86th Avenue."  *See* Bloom Dec., Exh. A & B.

which provides that failure to timely respond may be considered an admission that a

motion has merit.

### 3.     Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The moving party is entitled to judgment as a matter of law when the nonmoving party

fails to make a sufficient showing on an essential element of a claim in the case on which

the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

present specific, significant probative evidence, not simply "some metaphysical doubt").

*See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if

there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The

Court must consider the substantive evidentiary burden that the nonmoving party must

meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477

U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual

issues of controversy in favor of the nonmoving party only when the facts specifically

attested by that party contradict facts specifically attested by the moving party.  The

nonmoving party may not merely state that it will discredit the moving party's evidence at

trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec.*

1  *Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson,* 477 U.S. at 255).  Conclusory,

2  nonspecific statements in affidavits are not sufficient, and missing facts will not be

3  presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

4  **4.    ADA**

5      The ADA prohibits employers from "discriminat[ing] against a qualified

6  individual with a disability," 42 U.S.C. § 12112(a), and requires employers to provide

7  "reasonable accommodations to the known physical or mental limitations of an otherwise

8  qualified [employee] with a disability," *id*. § 12112(b)(5)(A).  The ADA defines

9  "disability," in pertinent part, as "a physical or mental impairment that substantially limits

10  one or more of the major life activities of such individual." 42 U.S.C. § 12102(2).  An

11  "employer is not obligated to provide an employee the accommodation he requests or

12  prefers, the employer need only provide some reasonable accommodation." *Zivkovic v.*

13  *Southern California Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (quoting *E.E.O.C.*

14  *v. Yellow Freight Sys. Inc*, 253 F.3d 943, 951 (7th Cir. 2001)).

15

16      In this case, Johnson alleges two disabilities: (1) a back and shoulder injury that

17  limits her ability to lift objects and (2) high-blood pressure.  Baker Dec., Exh. A at 3-4.

18  Even if a lifting restriction is considered a disability under the new amendments to the

19  ADA, Bethel consistently asserted and Johnson confirms that Bethel reasonably

20  accommodated Johnson's restrictions.  *See, e.g.*, Mitchell Dec., Exh. GG.  Therefore, the

21  Court grants Bethel's motion on this alleged disability discrimination claim because

22  Bethel has shown a reasonable accomodation.

23      Second, Johnson has failed to show that high blood pressure and fear of working

24  alone is a qualifying disability.  Even if this limitation was a protected disability and

25  Johnson properly informed her employer of her condition, Bethel provided Johnson with

26  instructions on how to deal with her fears and provided Johnson with a phone in her

27  classroom to call for help.  Based on Johnson's allegations, the Court finds that this is a

28

reasonable accommodation.  Therefore, the Court grants Bethel's motion on Johnson's ADA claim.

### 5.   Age Discrimination

The Supreme Court has held that in the context of a claim for violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq*., a plaintiff must prove "by a preponderance of the evidence, that age was the 'but–for' cause of the challenged adverse employment action . . . ."  *Gross v. FBL Fin. Servs., Inc*., 129 S. Ct. 2343, 2352 (2009).

In this case, Johnson's only allegation that relates to age is a comment by Ms. Keely that Johnson's age prevented her from being "open to new ideas and concepts." Baker Dec., Exh. A at 4.  Johnson has failed to show that her age was the "but–for" cause of any adverse employment action.  Therefore, the Court grants Bethel's motion for summary judgment on Johnson's ADEA claim.

### 6.   Title VII

In order to establish a claim under Title VII for employment discrimination, a plaintiff must show that (1) she belongs to a protected class, (2) she was performing her job according to the employer's legitimate expectations, (3) she suffered an adverse employment action, and (4) other employees with qualifications similar to her own were treated more favorably.  *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Vasquez v. County of Los Angeles*, 307 F.3d 884, n. 5 (9th Cir. 2002).  If a plaintiff establishes a prima facie case, and defendant provides a legitimate, nondiscriminatory reason for its adverse employment decisions, the plaintiff is required to show that "the employer's proffered explanation [is] unworthy of credence."  *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).  Charges of Title VII racial discrimination "shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred."  42 U.S.C. § 2000e-5(e)(1).

1    In this case, Johnson is Native American, and she claims that she was

2 discriminated against based on her race.  Specifically, Johnson responded to Bethels'

3 interrogatories as follows:

4       My first meeting with Sally Keeley was in the Head start portable in my
        office. Sally Keeley stated Native American cultural supplies are non
5       essential and my ethic race should not be incorarated [sic] in my
        curriculum. After that I was segregated from others when making shift
6       assignments from other employees. Sally Keeley based all my evaluations
        on stereotypes and assumptions about my race.
7

8 Baker Dec., Exh A at 5.  Bethel argues that this claim is barred by the statute of

9 limitations because Ms. Keeley made the alleged comment in 2007.  Dkt. 27 at 17-18.

10 Johnson, however, alleges unlawful employment practices of segregation and poor

11 performance reviews.  At least one of these review was prepared in September of 2009,

12 which is well within the statute of limitations.  Therefore, the Court denies Bethel's

13 motion on the issue of Johnson's claim being time-barred.

14    With regard to the merits of the claim, Johnson has failed to establish a prima facie

15 case of discrimination.  Ms. Keeley's refusal to incorporate Johnson's race into the course

16 curriculum is not evidence of racial bias.  Johnson has also failed to show that her

17 negative performance evaluations were racially motivated.  Her assertions are

18 uncorroborated and unsupported conclusions.  Moreover, Johnson has failed to show that

19 other employees with qualifications similar to her own were treated more favorably.

20 Therefore, the Court grants Bethel's motion on Johnson's Title VII claim.

21    **7.    Hostile Work Environment**

22    In order to be actionable under Title VII, a work environment "must be both

23 objectively and subjectively offensive, one that a reasonable person would find hostile or

24 abusive, and one that the victim in fact did perceive to be so." *Faragher v. City of Boca*

25

26 *Raton*, 524 U.S. 775, 787 (1998).   The "standards for judging hostility are sufficiently

27

28

ORDER - 11

1  demanding to ensure that Title VII does not become a 'general civility code.'" *Id.*

2  (quoting *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 80 (1998)).

3  In this case, Johnson has failed to assert facts that would lead a reasonable person

4  to find that she was subjected to a hostile work environment.  Therefore, the Court grants

5  Bethel's motion on Johnson's claim for a hostile work environment.

6  **8.     State Law Claims**

7  Pursuant to Washington's Notice of Claim statute, RCW 4.96.020(3), "all claims

8  for damages must be presented on the standard tort claim form that is maintained by the

9  risk management division of the office of financial management."  RCW 4.96.020(4)

10  prohibits the commencement of a suit against a county or its employees until 60 days after

11  such a claim is filed.

12  In this case, Johnson failed to file any notice of claim.  Therefore, the Court grants

13  Bethel's motion on Johnson's state law claims.

14  **IV.  ORDER**

15  Therefore, it is hereby **ORDERED** that Bethel's motion for summary judgment

16  (Dkt. 27) is **GRANTED**; Bethel's motion to dismiss Johnson's complaint (Dkt. 31) is

17  **DENIED**; and Bethel's motion to continue date for mediation (Dkt. 32) and Johnson's

18  motion to appoint mediator (Dkt. 37) are **DENIED as moot.**

19

20  DATED this 27th day of March, 2012.

21

22

23  BENJAMIN H. SETTLE

United States District Judge

24

25

26

27

28

ORDER - 12